```
             UNITED STATES DISTRICT COURT
                      FOR THE
             MIDDLE DISTRICT OF PENNSYLVANIA
```

LIN BAO JIAN,                          :
                                       :
     Petitioner                       : No. 4:CV-05-1551
                                       :
  vs.                                  : Petition Filed 08/02/05
                                       :
BUREAU OF IMMIGRATION AND CUSTOMS      : (Judge Muir)
ENFORCEMENT,                           :
                                       : (Magistrate Judge Mannion)
     Respondent                       :

## ORDER

August 8, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On August 2, 2005, Petitioner Lin Bao Jian, a native of The Peoples Republic of China, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Incorporated within that petition is a request "that this court grant him a 'Stay of removal' in order to pursue the proceeding at issue." (Petition for Writ of Habeas Corpus, p. 1) We will construe that request as a separate motion to stay Jian's removal pending our disposition of his habeas corpus petition.

The Clerk of Court assigned this case to us and referred it to Magistrate Judge Malachy E. Mannion for preliminary consideration. Despite the reference of Jian's petition to the Magistrate Judge, it is the policy of this court for the

District Judge to rule on a motion to stay the petitioner's removal.

Jian's petition is somewhat unique in that he does not challenge the final order of removal that has been issued in his case. Jian concedes that he may be removed to his native country for the reasons stated by the government. His only claim is that he is entitled to be released from detention on bail pending his removal. According to Jian's petition, he is being subjected to an indefinite period of incarceration which to this point has exceeded six months because the repeated efforts to secure his travel papers from The Peoples Republic of China have been unsuccessful and he will not be deported without those papers. As soon as the papers are obtained, it appears as though Jian will immediately be removed from the United States.

The relief sought in Jian's motion to stay his removal is not related in any manner to the relief he seeks in his habeas petition. In our view granting the motion to stay this case could actually prolong Jian's detention because a party would have to move for the stay to be lifted before Jian could be removed from the country. Consequently, we question Jian's purposes for seeking a stay of his removal. Nonetheless, we will proceed to consider the merits of the motion.

In the case of <u>Douglas v. Ashcroft</u>, 374 F.3d 230 (3d Cir. 2004), the United States Court of Appeals for the Third Circuit established the standard for granting a stay of removal pending review of a habeas corpus petition.  The court in <u>Douglas</u> applied the same elements which govern a motion for a preliminary injunction.  The court held that

> a petitioner requesting a stay of removal must demonstrate (1) a likelihood of success on the merits of the underlying petition; (2) that irreparable harm would occur if a stay is not granted; (3) that the potential harm to the moving party outweighs the harm to the opposing party if a stay is not granted; and (4) that the granting of the stay would serve the public interest.

Id., at 233, 234.  We will apply those four elements to Jian's motion to stay his removal while his habeas petition is pending in this court.

Jian has not demonstrated a likelihood of success on the merits of his petition.  One of the exhibits attached to Jian's petition is a "Decision to Continue Detention" issued by the Bureau of Immigration and Customs Enforcement.  That document states the following:

> Your file indicates that you were convicted of Participating in a Racketeering Enterprise.  It also indicates that you are associated with the Fukienese Flying Dragons ... [which] is involved in several criminal acts including murder, rape, kidnapping [sic], robbery and other crimes.  Due to these aforementioned facts, Immigration and Customs Enforcement considers you a threat to the community if release were authorized.  ICE believes the Chinese Embassy is working on issuing a travel document on your behalf.

(Petition for Writ of Habeas Corpus, Exhibit C)  Based on the specific facts of this case, Jian has not demonstrated that his continued detention violates his due process rights.

Jian has not addressed the issue of whether he would be irreparably harmed if a stay is not granted.  Our review of the petition does not reveal any reason to believe such harm will befall Jian if the stay is not granted.  As noted above, denying Jian's motion for a stay would actually expedite his removal.

The third factor to consider is whether the potential harm to Jian outweighs the harm to the government if a stay is not granted.  The potential harm caused by Jian's continued detention does not outweigh the government's interest to remove Jian from the United States as expediently as possible and to detain him in custody pending his removal from this country.

The fourth and final element to consider is whether granting the stay would serve the public interest.  For the reasons set forth above, prolonging Jian's detention in this country by staying this case is not in the public interest.

We will deny Jian's request for a stay of deportation while his petition is pending in this court.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

Jian's motion (Document 1) to stay his deportation is

denied.

                                            <u>s/Malcolm Muir</u>
                                            MUIR, U. S. District Judge

MM:ga